1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARRUGIA, | ) 1:11-cv-2046 LJO BAM |
| | ) |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION |
| | ) DISMISSING COMPLAINT WITHOUT |
| | ) LEAVE TO AMEND |
| v. | ) |
| | ) |
| KEVIN ROONEY, | ) |
| Assistant United States Attorney, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **FINDINGS AND RECOMMENDATIONS**

Plaintiff, Thomas Farrugia, ("Plaintiff"), a federal prisoner appearing pro se, filed the instant complaint on December 12, 2011. (Doc. 1).  Plaintiff files this civil action against United States Attorney Kevin Rooney to gain access to evidence used during his criminal trial.[1]   For the reasons below, the Court dismisses this action without leave to amend as duplicative of Plaintiff's earlier filed complaint currently pending before this Court. *See Farrugia v. Lockyer*, *et al.*, Civil Case No. 08-cv-0053-LJO-MJS (E.D. Cal. January 11, 2008).

---

[1]    On December 19, 2011, Plaintiff was ordered to submit an application to proceed in forma pauperis or pay the filing fee for this action. (Doc. 4).  On January 12, 2012, Plaintiff submitted his filing fee as required by 28 U.S.C. § 1914(a).

1

**DISCUSSION**

2

**A.    Screening Standard**

3

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint

4

for sufficiency to state a claim.   The court must dismiss a complaint or portion thereof if the court

5

determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief

6

may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28

7

U.S.C. § 1915(e)(2).   If the court determines that the complaint fails to state a claim, leave to amend

8

may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

9

Fed. R. Civ. P. 8(a) provides:

10

11

12

A pleading that states a claim for relief must contain: (1) a short and plain statement of the
grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim
needs no new jurisdictional support, (2) a short and plain statement of the claim showing that
the pleader is entitled to relief; and (3) a demand for the relief sought, which may include
relief in the alternative or different types of relief.

13

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

14

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and

15

state the elements of the claim plainly and succinctly.   *Jones v. Community Redev. Agency*, 733 F.2d

16

646, 649 (9th Cir. 1984).   Plaintiff must allege with at least some degree of particularity overt acts

17

which the defendants engaged in that support Plaintiff's claim.   *Id.*   Although a complaint need not

18

outline all elements of a claim, it must be possible to infer from the allegations that all elements exist

19

and that there is entitlement to relief under some viable legal theory.   *Walker v. South Cent. Bell*

20

*Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Services, Inc.*, 135 F.3d

21

389, 405-06 (6th Cir. 1998).

22

In reviewing a complaint under this standard, the Court must accept as true the allegations

23

of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740

24

(1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v.*

25

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v.*

26

*McKeithen*, 395 U.S. 411, 421 (1969).

27

**B**.    **Analysis**

28

In his complaint, Plaintiff seeks injunctive relief against defendant Kevin Rooney for access

2

to evidence used in his underlying criminal proceeding. Having reviewed the fourth amended complaint in a separate action filed by Plaintiff, the Court finds this action should be dismissed as frivolous because it is duplicative of an earlier filed action that plaintiff is now litigating in this court. *Compare Farrugia v. Lockyer*, *et al.* Civil Case No. 08-cv-0053-LJO-MJS, Doc. 34 (E.D. Cal January 11, 2008) *with Farrugia v. Rooney*, Civil Case No. 11-cv-2046-LJO-BAM, Doc. 2; *See also* 28 U.S.C. § 1915A(b)(1); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ( complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915).

1.     **Plaintiff's Duplicative Allegations**

Defendant Kevin Rooney was a prosecuting attorney in Plaintiff's criminal trial in June 1994. Plaintiff was charged with conspiring to manufacture a controlled substance and possessing listed chemicals to manufacture the controlled substance. The chemical evidence used to convict Plaintiff was found in three places: Lancaster, Oakley, and Fresno. The chemical found in each location was identified as a separate exhibit at trial, 3-A, 5-A, and G-1. After the trial began, Defendant Rooney switched identification markers on two of the exhibits and as such the Fresno substance was never tested or weighed. The other substances were tested and found to contain ephedrine.  Plaintiff has tried many times to gain access to the three exhibits for additional testing, dating back as early as 2008.

On January 11, 2008, Plaintiff commenced an action seeking access to his criminal trial evidence pursuant to 42 U.S.C. § 1983.     *See Farrugia v. Lockyer*, Civil Case No. 08-cv-0053-LJO-MJS.  He has since filed four amended complaints (in June 2008, July 2009, April 2010, and June 6, 2011). Two of the most recent four filed complaints name Kevin Rooney, Assistant United States Attorney, as a Defendant. *Id.* at Docs. 26 & 34.  In the fourth amended complaint, currently pending before this court, Plaintiff seeks injunctive relief directing Defendant Rooney to provide Plaintiff or his representative access to exhibits 5-A, and G-1 used at trial so they may be weighed and chemically analyzed.  *Id.* at Doc. 34.  Plaintiff  further argues that an intervening change in the law, via  the Supreme's Court decision in *Skinner v. Switzer* decided March 7, 2011, "provides a mechanism for obtaining access to evidence in the form of an injunction

directing defendants to provide [a] plaintiff...access to the original and actual...evidence." 562 U.S.____, 131 S.Ct. 1289, 1299, 179 L. Ed. 2d 233 (2011). In Plaintiff's instant complaint he again relies on *Skinner v. Switzer*, and makes identical allegations and complaints regarding Defendant Rooney and requests the same relief— access to his trial evidence. *See Farrugia v. Rooney*, Civil Case No. 11-cv-2046-LJO-BAM, Doc. 2.

A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp.2d 1132, 1145 (E.D. Cal. 1999) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). "When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action. *Id.* at 1144 (citation omitted). "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 1145 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

As Plaintiff's claims are duplicative of claims that he raised in a prior action that is currently pending before this court, Plaintiff should proceed on the action he initially commenced. This Court should not entertain two separate, duplicative lawsuits filed by the same individual against the same defendant. To do so would fly in the face of the important interests of judicial efficiency and economy.

Due to the duplicative nature of the present action, this action should be DISMISSED as frivolous WITHOUT LEAVE TO AMEND. *Cato v. United States*, 70 F.3d at 1105 n.2.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to District Judge  Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l) . Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the

Court.   The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 23, 2012**                    ___/s/ **Barbara A. McAuliffe**___
                                                    UNITED STATES MAGISTRATE JUDGE