IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARRUGIA, | CASE NO. CV F 11-2046 LJO BAM |
| Plaintiff, | **RECONSIDERATION ORDER** (Doc. 15.) |
| vs. | |
| KEVIN ROONEY, Assistant U.S. Attorney, | |
| Defendants. | |
| _____/ | |

    Pro se plaintiff Thomas Farrugia ("plaintiff") is a federal prisoner and seeks reconsideration of dismissal of this action as duplicative of his other similar actions. In short, plaintiff has filed multiple actions to seek access to evidence used in his underlying criminal action resulting in his 1994 conviction of drug crimes. To seek reconsideration, plaintiff contends: "There is no legitimate excuse to continue withholding exculpatory evidence to prevent it from being analyzed."

    A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989); *see Caldwell v. U.S.*, 391 F.3d 1226,

1235 (Fed. Cir. 2004) (reconsideration motions must be supported "by a showing of extraordinary circumstances which justify relief").

A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior

motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff offers nothing to support the extraordinary remedy of reconsideration. Plaintiff appears to contend that this Court erred to dismiss this action. Plaintiff points to neither legal error nor legitimate grounds to revisit his 1994 conviction or dismissal of this action. No manifest error of law or fact arises to justify reconsideration. This Court DENIES plaintiff reconsideration.

IT IS SO ORDERED.

**Dated:   March 28, 2012**                        /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE